Peter Karbiner, Respondent, v. Sigmund G. Schwabach, Doing Business as Schwabach and Son, Appellant, Impleaded with Others, Defendants.— Order modified by striking therefrom items 1, 7 and 19, and by adding to the direction for the production of the books the words, " if the same are in the possession or under the control or subject to the order of the said Sigmund G. Schwabach," and as so modified affirmed, without costs.  No opinion.  Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.

Ruth Major, an Infant, by Napoleon L. Major, Her Guardian ad Litem, Respondent, v. Howard L. Coles, Defendant, Impleaded with Walter Gray Crump, Appellant.— Order modified by providing for the examination of the defendant Crump (1) as to the facts, circumstances and conditions with reference to the alleged recommendation, advice and representation of that defendant that it was desirable, necessary and imperative that a surgical operation be performed at once upon plaintiff for the removal of a safety pin; (2) the circumstances, conditions and all other facts and details in connection with the performance by defendant Crump of a surgical operation upon the plaintiff for the removal of said safety pin; (3) all circumstances and conditions and all other facts having a bearing upon the claim of the alleged non-necessity of said operation, and as so modified affirmed, without costs.  Rich, Manning, Young and Lazansky, JJ., concur; Kelly, P. J., dissents.

Carrie Meyer, Respondent, v. Vincent Scala, Appellant.— Judgment unanimously affirmed, with costs.  No opinion.  Present — Kelly, P. J., Rich, Young, Kapper and Lazansky, JJ.

Paul E. Meyer, Respondent, v. Morris Rosenthal, Appellant.— Judgment unanimously affirmed, with costs.  No opinion.  Present — Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ.

Leon O. Meza, Appellant, v. Kraslow Building Company, Respondent, Impleaded with Others, Defendants.— Judgment affirmed, with costs.  No opinion.  Kelly, P. J., Jaycox and Lazansky, JJ., concur; Young and Kapper, JJ., dissent upon the ground that the complaint having been dismissed at the close of plaintiff's case, upon this appeal the stipulation at folio 117 was sufficient to entitle plaintiff to the inference that the act complained of was necessary in the performance of the work, and a part of it, for which the owner was responsible.